**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

    v.

James Lee Smith,

        Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Criminal No. 04-251 ADM/AJB

_____

James Lee Smith, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant James Lee Smith's ("Smith") Motion for Reduction of Sentence [Docket No. 50] ("Motion"), submitted by letter.  For the reasons set forth below, Smith's Motion is denied.

## II.  BACKGROUND

In 2004, Smith pled guilty to possession with intent to distribute cocaine base.  Judgment [Docket No. 30].  Smith was sentenced as a career offender with an offense level of 31 and criminal history level of VI , leading to a sentencing range of 188–235 months.  Id.  Smith was sentenced to 168 months, a downward variance based on the over-representation of the seriousness of his criminal history under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.3.  Id.  On January 20, 2009, Smith moved for a sentence reduction under the amended cocaine base guidelines, and this motion was denied because his previous sentence was based not on the cocaine base guidelines but on his status as a career offender.  Feb. 5, 2009 Order [Docket No. 44].  Smith now moves for a sentence reduction under the newly amended cocaine base guidelines.

## III.  DISCUSSION

Sentence reductions under 18 U.S.C. § 3582(c)(2) are applicable only when a prison sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  Amendments to the Sentencing Guidelines in U.S.S.G. § 2D1.1 do not benefit Career Offenders.  United States v. Tolliver, 570 F.3d 1062, 1065–66 (8th Cir. 2009); United States v. Blackmon, 584 F.3d 1115, 1116 (8th Cir. 2009) ("When a defendant is found to be a career offender . . . , the applicable guideline range under section 3582(c)(2) is his career offender range, even if the actual sentence is a downward departure from it.").

Smith's original sentencing guideline range has not changed with this amendment because his sentence did not rest on the cocaine base provision in U.S.S.G. § 2D1.1; rather, his sentence was based on the determination that he was a Career Offender pursuant to U.S.S.G. §§ 4B1.1(a)–(b).  Because the Career Offender enhancement is unaffected by the new guideline amendment, Smith's offense level remains the same.  Under U.S.S.G. § 1B1.10(b)(1), amendments apply only to "the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  While Smith's considerable efforts in education and rehabilitation are commendable, they are not grounds for a sentence reduction in this case.  Because Smith is ineligible to receive any relief under U.S.S.G. § 2D1.1 or 18 U.S.C. § 3582(c)(2), his Motion is accordingly denied.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that Defendant Smith's Motion for Sentence Reduction [Docket No. 50] is **DENIED**.


BY THE COURT:


       s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 13, 2011.